## GURAS v. PORTER.

### (District Court, N. D. California. November 10, 1902.)

### No. 279.

1. BANKRUPTCY—VALIDITY OF LIENS—UNRECORDED CHATTEL MORTGAGE.

Under Civ. Code Cal. §§ 2959, 2962, which provide that chattel mortgages shall be recorded in the county where the property is situated, and that a single mortgage embracing several things so situated that separate mortgages thereon would be required to be recorded in different places shall be valid only in respect to the property where recorded, a mortgage covering property in two counties and only recorded in one is void as to the property in the other county as against the trustee of the mortgagor in bankruptcy.

2. CONVERSION—DAMAGES—BURDEN OF PROOF.

In an action by a chattel mortgagee against the trustee in bankruptcy of the mortgagor to recover for the conversion of the mortgaged property, where the mortgage was void for want of record as to a portion of the property, the burden rests upon the plaintiff to prove the amount and value of the property as to which the mortgage was valid; such proof not having been prevented by any act of the defendant.

At Law. Action for conversion.

Lindsay & Netherton, for plaintiff.
Bishop, Wheeler & Hoefler, for defendant.

DE HAVEN, District Judge. This action is brought by the plaintiff against the defendant, as trustee of the estate of N. Banaz, bankrupt, to recover damages in the sum of $1,326 for the alleged conversion by defendant of apples and other fruit growing upon two tracts of land, one situate in the county of Monterey and the other in the county of Santa Cruz, state of California. It appears from the evidence that on March 2, 1900, the bankrupt executed to plaintiff a chattel mortgage upon the apples and other fruit growing upon the parcels of land above referred to, and that this mortgage was recorded on March 5, 1900, in the recorder's office of Santa Cruz county, but was never recorded in the office of the recorder of Monterey county.

¶ 1. See Chattel Mortgages, vol. 9, Cent. Dig. §§ 162, 165.

On March 12, 1900, the mortgagor filed his petition in bankruptcy, and was on that day adjudged bankrupt, and thereafter the defendant was appointed trustee of the estate in bankruptcy, and as such trustee, prior to the commencement of this action, without paying or tendering to plaintiff the amount of the debt secured by the mortgage referred to, and against the will and consent of plaintiff, took the whole of said mortgaged property into his possession, and sold the same.

1. In one of the defenses set out in defendant's answer it is alleged that the mortgage referred to in the complaint was made without consideration, and with intent to defraud the creditors of the mortgagor. Upon consideration of the evidence, my conclusion is that this defense is not sustained, but, on the contrary, I find that the mortgage was made in good faith, and the indebtedness it purports to secure was a bona fide indebtedness due from the bankrupt to the plaintiff.

2. By section 2959 of the Civil Code of California it is provided that a mortgage of personal property must be recorded in the office of the county recorder of the county in which the mortgagor resides, and also in the county in which the property mortgaged is situated, or to which it may be removed; and section 2962 of the same Code provides:

"A single mortgage of personal property, embracing several things of such character or so situated that by the provisions of this article separate mortgages upon them would be required to be recorded in different places, is only valid in respect to the things to which it is duly recorded."

As before stated, the property covered by plaintiff's mortgage consisted of two separate crops of growing fruit, one upon land in the county of Santa Cruz and the other upon land in the county of Monterey. The plaintiff's mortgage, having been recorded in the county of Santa Cruz, was valid in respect to the crop growing upon the land situate in that county, but was void as to creditors of the bankrupt in so far as it relates to the crop growing upon the land situate in the county of Monterey. The evidence does not show what portion of the apples and other fruit which defendant is alleged to have converted grew upon the land situate in Santa Cruz county and what portion in Monterey county, and it is contended by plaintiff that he was not required to offer proof in relation to such fact; that the burden was upon defendant to show this, if he desired, to mitigate the damages claimed in this action. I am unable to assent to this proposition. There is no evidence that the two crops were intermixed by defendant, and their separate identity thus destroyed; and it is not claimed that the quantity and value of the apples and other fruit which grew upon the land situate in Santa Cruz county was not susceptible of proof, and, when the nature of such an inquiry is considered, it is apparent that such facts could have been easily shown. This being so, and in view of the fact that the mortgage was only valid as to a part of the fruit taken and sold by the defendant, it was, in my opinion, incumbent upon the plaintiff to introduce evidence showing how much of the fruit so taken and sold was subject to the lien of his mortgage and its value. Without such evidence, it is impossible to determine the amount of damages to

which plaintiff is entitled, and his recovery must be restricted to nominal damages.

In accordance with these views, judgment will be entered in favor of the plaintiff for damages in the nominal sum of $1 and costs.