---

### In re BASH et al.

#### (District Court, E. D. Pennsylvania. November 1, 1917.)

#### No. 5694.

BANKRUPTCY ☞323—CLAIMS—AMOUNT—"SECURED CREDITOR."

Under Bankruptcy Act July 1, 1898, c. 541, § 57e, 30 Stat. 560 (Comp. St. 1916, § 9641), providing that claims of secured creditors may be allowed to enable them to participate in creditors' meetings, but for such sums only as seem to be owing over and above the value of the securities, section 57h, providing that the value of securities held by secured creditors shall be determined, and the amount credited upon such claims, and a dividend paid only on the unpaid balance, and section 1, subsec. 23 (Comp. St. 1916, § 9585), defining "secured creditor" as including a creditor who has security for his debt upon the property of the bankrupt or of a nature to be assignable thereunder, or owning such a debt for which some person secondarily liable has such security, a creditor, holding collateral security upon which it has realized, is only entitled to a dividend on the balance of its claim, though it had no notice that the collateral was the property of the bankrupt.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Secured Creditor.]

In Bankruptcy. In the matter of Louis Bash and others, individually and trading as M. H. Bash Sons, bankrupts. On petition by the Colonial Trust Company for review of an order of a special referee. Order affirmed, and petition dismissed.

James B. Lichtenberger, of Philadelphia, Pa., for petitioner.

Edwin Fischer and Alfred Aarons, both of Philadelphia, Pa., for alleged bankrupts.

THOMPSON, District Judge. The Colonial Trust Company, on May 17, 1916, filed its proof of debt in the sum of $4,967.42, based upon two notes of M. H. Bash Sons to order of Louis Bash and indorsed by him, one dated October 20, 1915, for $1,200, and one dated January 17, 1916, for $1,500, and two collateral notes of the Alaska

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fur Company, signed by Louis Bash, as president, to the order of the Colonial Trust Company, one dated December 2, 1915, for $750, indorsed by M. H. Bash Sons, with 5 shares of Bank of Commerce stock as collateral, and one dated January 19, 1916, for $1,600, indorsed by Louis Bash, with $2,000 United States Steel Corporation 5's as collateral.

The notes not being paid at maturity, the Bank of Commerce stock was sold by the Colonial Trust Company for $572.55, and the United States Steel Corporation bonds for $2,103.18. The Colonial Trust Company claimed that it was entitled to participate in dividends to creditors upon the full amount of its claim, without deduction of the proceeds of the collateral. The special referee allowed the claim only for the balance due after deducting the amount of the proceeds as the value of the security. The ruling was based upon section 57, subsections "e" and "h," of the Bankruptcy Act (Comp. St. 1916, § 9641), providing as follows:

"e. Claims of secured creditors and those who have priority may be allowed to enable such creditors to participate in the proceedings at creditors' meetings held prior to the determination of the value of their securities or priorities, but shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities or priorities."

"h. The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance."

The special referee found as a fact that the 5 shares of Bank of Commerce stock and the $2,000 United States Steel Corporation 5's were both the personal property of Louis Bash, and that, inasmuch as the collateral was owned by the bankrupt, the provisions of section 57, subsections "e" and "h," applied. The circumstances under which the Colonial Trust Company made the loans upon the notes were as follows:

Louis Bash was president of the Alaska Fur Company. He called upon the officers of the Colonial Trust Company and requested a loan to the Alaska Fur Company of $750. It was agreed that the loan be made, provided Bash deposited sufficient collateral. He offered as collateral 5 shares of the Bank of Commerce. The stock stood in the name of M. H. Bash Sons, and the certificate was delivered to the trust company, transferred in blank over the firm's signature. The loan of $1,600 was made under substantially the same circumstances, except that the 2,000 United States Steel Corporation 5's were unregistered bonds, without anything upon them to indicate to whom they belonged.

The petition for review of the order of the referee, requiring the proceeds of the petitioner's collateral to be deducted from the amount of its claim before allowance, is based upon the alleged fact that the petitioner, in acquiring the collateral, acquired it as the property of the Alaska Fur Company, and not as that of Louis Bash, or M. H.

Bash Sons, the bankrupts. The special referee has based his conclusion upon the finding that the circumstances in connection with the delivery of the collateral were such as to put the petitioner upon inquiry as to the real ownership of the collateral. While I am of the opinion that the referee erred in so finding (Wood v. Smith, 92 Pa. 379, 37 Am. Rep. 694; Burton's Appeal, 93 Pa. 214), he was clearly right in his conclusion that the Colonial Trust Company could only prove for the amount of its debt after deduction of the amount received upon the collateral. The question whether the petitioner is a secured creditor is determined by the definition of that term in section 1, subsection 23, of the Bankruptcy Act (Comp. St. 1916, § 9585), as follows:

"'Secured creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this act, or who owns such a debt for which some indorser, surety, or other persons secondarily liable for the bankrupt has such security upon the bankrupt's assets."

If the fact that the petitioner held the collateral for valuable consideration without notice of the bankrupts' title was set up in support of its right to hold or sell the collateral, it would be material. But it has realized upon its collateral, and has presented its claim in a court of bankruptcy. Its rights to recover are therefore governed exclusively by the bankruptcy law, which is intended to prevent a creditor whose claim is secured by the property of the bankrupt from recovering out of the estate in bankruptcy, except as a general creditor for the unsecured balance of its claim. The language of the act is plain, and makes no exception in favor of a secured creditor without notice that the security is the property of the bankrupt.

The order of the special referee is affirmed, and the petition for review dismissed.