THE J. G. WHITE ENGINEERING CORPORATION, ET AL., *Appellants,* v. PEOPLES STATE BANK OF LAKELAND, A CORPORATION, *Appellee.*

Opinion Filed January 14, 1921.

Petition for Rehearing Denied March 25, 1921.

1. When an appellant fails to file any brief in this court, the order or decree appealed from will as to such appellant be affirmed.

2. In a suit to foreclose a mortgage after the transfer of the mortgaged property to third parties, and after the death of the mortgagor, and the owners of the equity of redemption are made parties respondent, and there is no prayer for a personal decree, or for a residuary decree, the bill of complaint is not subject to demurrer upon the ground that the bill of complaint should have prayed that the estate of the deceased mortgagor be decreed to pay to the complainant the amount found to be due under the mortgage. All that was necessary was that the court decree the amount due, and that in default in the payment of the same, the mortgaged property be sold to satisfy the said decree.

3. The mortgagee of personal property has no right to the possession of the mortgaged property until he has foreclosed his mortgage, and has outbid all others for the property at the foreclosure sale. The mortgagor is entitled to retain both the title to and the possession of the mortgaged property, until this right is taken from him by order of the court in foreclosure proceedings.

4. In determining whether or not a pleading in an equity proceeding is subject to demurrer, resort can be had only to matters appearing upon the face of the pleading.

5. The mortgagee having only a lien upon the mortgaged property, cannot in a chancery proceeding to foreclose the mort-

gage, recover damages for the wrongful conversion of the property.

6. If by reason of the transfer of the property, or in any other manner the mortgagor or any other person should destroy the property upon which the mortgage lien is held, or should the property be placed by such parties so that the lien cannot be enforced, the mortgagee's remedy is at law, in an *action on the case*, for such damages as he may sustain by reason of such interference with the property covered by his mortgage.

7. An improper prayer for damages, in a bill of complaint, will not destroy other equities and proper prayers for relief based upon sufficient allegations in the bill admitted by the demurrer.

8. An amended bill of complaint seeking to foreclose a mortgage on certain automobiles, alleging that one of the automobiles in question was being used by the United States Government or its agents, to whom the appellant had transferred its possession under a rental agreement, and that such use was causing the automobile to deteriorate in value, and that if not taken in charge immediately the security of the complainant would be so depreciated as to become wholly inadequate, and further alleging that the estate of the deceased mortgagor, against which only a deficiency decree could be rendered, was insolvent, sets up sufficient equities for the appointment of a receiver of the rents paid on said automobiles, and is not subject to demurrer upon the ground that the facts alleged do not justify an order appointing a receiver for said automobile, or the proceeds of the rental or sale thereof.

9. Upon an application for the appointment of a receiver, or for an order extending the appointment of a receiver already appointed for other property, an unsworn answer is not evidence before the chancellor.

10. The amended bill of complaint having alleged the insolvency of the estate of the mortgagor, and that the mortgaged prop-

erty was being used in a way that caused a deterioration in value, and that such use was causing such depreciation of the security as to render it wholly inadequate, and that the same was earning a stipulated rental, and there being no denial of these facts, an order appointing a receiver, or extending a prior receivership, for monies paid for rental or otherwise, upon said property, will not be disturbed.

11. When the record, and the order of the court extending a receivership, shows that the application for the extension of a receivership already existed in the cause, was made and heard before the court on March 1st, 1918, but that the order extending the receivership was not made until September 10, 1918, and there is nothing to show that such delay in making the order was due to the laches of the parties, it is proper that the order extending such receivership, provide that it act retrospectively.

12. Where the delay in rendering a decree after hearing or submission arises from the act of the court, that is, where the delay has been caused either for its convenience or by the multiplicity or press of business, or the intricacy of the questions involved, or for any other reason, not attributable to the laches of the parties, the decree may be rendered and entered retrospectively, as of the time when it should or might have been entered.

An Appeal from the Circuit Court for Polk County; J. S. Edwards, Judge.

Orders affirmed.

*Treadwell & Treadwell,* for Appellants;

*Peterson & Petteway,* for Appellee.

CAMPBELL, Circuit Judge.—The Appellants, The J. G. White Engineering Corporation, and J. B. Rosin, appeal

from two interlocutory orders of the Circuit Court of Polk County, sitting in chancery, *viz.*: An order overruling their respective demurrers to the amended bill of complaint, and, 'secondly, an order extending a receivership already had in the case to cover certain property held by the respective appellants.

On March 1st, 1918, the Peoples State Bank of Lakeland, which we shall refer to herein as the complainant, filed an amended bill of complaint in the court below against one Evalyn B. Mims as administratrix of the estate of G. W. Mims, deceased, of Polk County, Florida, J. B. Lewis, of Polk County, Florida, The J. G. White Engineering Corporation, being a corporation organized under the laws of the State of New Jersey and doing business in Florida, H. R. Eyrich, and Simon Rosin, of DeSoto County, Florida, and The Commercial Credit Company, a corporation.

This amended bill of complaint alleges in substance, that on the 16th day of October, 1917, one 'G. W. Mims being indebted to the complainant in the sum of $2,550, made, executed and delivered to the complainant his promissory note for the sum of $2,550, payable ninety days after date, with interest from maturity at the rate of ten per cent. per annum until paid; that the said note was a collateral note, and that to better secure the payment thereof the said G. W. Mims made, executed and delivered to complainant another promissory note and a chattel mortgage attached, for an amount similar to that named in said collateral note, the said promissory note and mortgage attached bearing same date, and being made payable to the complainant ninety. days after date, with interest at eight per cent. per annum from maturity until paid, whereby the said G. W. Mims to secure the

payment of said promissory note, mortgaged to the complainant certain personal property, to-wit:

One Cole 8 touring car, model 860, No. 42923;
One Cole 8 touring car, model 860, No. 42924;
One Cole 8 touring car, model 860, No. 42707.

That the said promissory note and chattel mortgage combined, together with the said collateral note, were given for cash loaned by the complainant to the said G. W. Mims, copies of the said notes and mortgage being attached to the original bill and by reference made a part of the amended bill of complaint. That no part of the said note, principal or interest, had been paid, and that the entire amount of principal and interest was due and unpaid. That G. W. Mims was no longer living, he having departed this life on January 19, 1918, and that Evalyn B. Mims had been duly qualified as administratrix of his estate. That prior to his death, and after the said chattel mortgage had been recorded in the public records of Polk County, Florida, the said G. W. Mims transferred one of said cars, to-wit, one Cole 8 tournig car, model 860, No. 42923, to the defendant J. B. Lewis, who had the same in his possession, using the same and asserting some title to it, at the time the original bill of complaint was filed in this cause, and that subsequently upon hearing on said bill of complaint, one W. W. Chase was appointed by the court as receiver, and had, as such receiver, taken possession thereof. That after the recording of said mortgage and prior to the death of the said G. W. Mims, he, the said G. W. Mims, transferred the said Cole 8 touring car, model 860, No. 42924, to the defendant Simon Rosin, who had the same in his possession, using same and asserting some claim, title or interest in the same, and that such interest, title or claim so held,

was inferior to and was subordinate to the mortgage lien of the complainant. That after the recording of the said chattel mortgage in the public records of Polk County, Florida, and prior to the death of the said G. W. Mims, he transferred and sold to the defendant The J. G. White Engineering Corporation the said Cole 8 touring car, Model 860, No. 42708, that the said defendant held the legal title to same and was renting the same to the United States Government for the use of its employees in construction work at or near Arcadia, Florida, and that it was receiving as rental for said automobile the sum of seven dollars and a half per day, the government paying the expenses of repair and operation, and that the said claims of the defendant were subordinate to the mortgage of the complainant. That the use of these cars by the said defendants or their agents, and by the United States Government and its agents, was causing said automobiles to greatly deteriorate in value. That the said Cole 8 touring car model No. 42708 was in the actual possession of the defendant H. R. Eyrich, either personally or as agent for the United States Government, under rental contract with the J. G. White Engineering Corporation, giving him the use and control thereof, but that whatever right or interest the said H. R. Eyrich claimed in said automobile was inferior to and subject to the mortgage of the complainant. That the estate of G. W. Mims was insolvent and that if the said automobiles were kept by the said defendants Simon Rosin and the said H. R. Eyrich, either personally or as agent for the United States Government under such rental contract with the said The J. G. White Engineering Corporation, that complainant's security would be so greatly depreciated as to become wholly inadequate and that there was immediate necessity for the preservation of the property and that it

was necessary to have a receiver appointed to take charge of the same under the direction of the court, in order that the property might be properly preserved, and that there was imminent danger of serious depreciation in the value of the property if immediate possesion of the same was not taken by such receiver.

The amended bill of complaint, among other things, prays, in substance, as follows: That an order be made authorizing, ordering and empowering the receiver heretofore appointed in the cause to take charge and possession of the said automobiles so held by the said Simon Rosin, and by The J. G. White Engineering Corporation or its transferees, or that if it was impossible under the law for the receiver to take charge of said property by reason of its being in the possession and control of the United States of America, that then an order authorizing, ordering and empowering said receiver to collect the rent it appears that the United States has contracted to pay the defendant, The J. G. White Engineering Corporation, and to keep such rentals so collected in his possesion and charge in accordance with law and the orders of the court. That an accounting be had by and under the direction of the court to determine the sum or sums due complainant on account of said mortgage indebtedness, and that "in the event the receiver shall be ordered to take possession of the rentals due to the defendant, The J. G. White Engineering Corporation, as rentals for said Cole 8 touring car, Model No. 42708, that an accounting shall be taken by and under the direction of the court to determine the sum or sums of the difference between what the receiver shall get out of the rental of said automobile and the sale value of said automobile at the time of its having been rented by the defendant, The J. G. White En-

·gineering Corporation, to the United States Government or its agent."

The amended bill further prays, that upon the taking of the accounting or the accountings, and at the final hearing of this cause, the court· shall order that there be paid the complainant or its solicitors of record the sum or sums so found to be due upon said notes and mortgage, ·and that in the default of the payments thereof, the mortgaged property described be sold to satisfy same. There is ·also a prayer that the defendant, The J. G. White Engineering Corporation, in the event the court should find that the said Cole 8 touring car, Model 860, No. 42708, . can not be taken by the court from the United States Government, that the said defendant be decreed to have converted said automobile, and that it be decreed to pay the complainant the difference in the value of the said car and of whatever rents may have been collected for same.

There is a prayer for general relief and the usual prayer for process and waiving oath to answer.

The appellant, The J. G. White Engineering Corporation, which we shall in this decision term the respondent, demurred to the amended bill of complaint, as did the respondent, Simon Rosin. Each of these respondents filed answer to the amended bill and the demurrers, together with the application under the amended bill of complaint to have the receivership extended to take the property held by these respondents came on for hearing at the same time. The demurrers were overruled, and an order made extending the receivership. From these orders the respondents, The J. G. White Engineering Corporation and Simon Rosin, appealed.

Inasmuch as Simon Rosin, one of the appellants, has

filed no brief in this court, the orders of the court below appealed from in so far as they affect him are affirmed. Betts Naval Stores Co. v. Whitton, 71 Fla. 348, 71 South. Rep. 281.

The appellant, The J. G. White Engineering Corporation, has filed three assignments of error. The first questions the order of the court below overruling the demurrer to the amended bill of complaint.

There were twelve grounds of demurrer, all questioning the equities of the amended bill of complaint, as applying to the demurring respondent. These several grounds are addressed to the amended bill of complaint as a whole. The appellant in its brief makes four contentions why the demurrer should have been sustained by the court below. It is contended in the first place that the amended bill of complaint should have prayed that the estate of G. W. Mims be decreed to pay to the complainant the amount found to be due under the mortgage. There is no merit in this contention. The amended bill clearly showed from its allegations that the mortgaged property had passed out of the estate of G. W. Mims. The other respondents named owned the equity of redemption. The representatives of the estate of G. W. Mims, deceased, were not necessary parties unless a deficiency decree were asked. There being no prayer for a personal decree, or for a deficiency decree, the administratrix was not even a necessary, and probably not a proper party. All that was necessary was that the court decree the amount due, and that in default of the payment the mortgaged property be sold. See Hinson v. Gammon, 61 Fla. 641, 54 South. Rep. 374, and Phifer v. Abbott, 73 Fla. 402, 74 South. Rep. 488.

It is contended in the second place that the demurrer

should have been sustained because the bill shows upon its face that the mortgage was void as to appellant, in that the allegations of the bill showed that at the time of the execution and delivery of the mortgage, possession of the property was vested in G. W. Mims, the mortgagor, and that he was allowed to retain possession of such property a sufficient length of time to enable him to sell it. This contention is untenable. The mortgagee has no right to the possession of the mortgaged property until he has foreclosed his mortgage and has outbid all others for the property. The mortgagor is allowed to retain both the title to and possession of the mortgaged property until this right is taken from him by foreclosure.

In determining whether or not a pleading in equity is subject to a demurrer, the matters appearing upon the face of the pleading is all that can be resorted to. Southern Life Ins. & Trust Co. v. Lanier, 5 Fla. 110; 21 C. J., p. 432, par. 462. The appellant's counsel in support of this contention cites decisions of this court in the cases of Logan v. Logan, 22 Fla. 561, and Eckman v. Munnerlyn, 32 Fla. 367, 13 South. Rep. 922, however, we find nothing in the amended bill of complaint in the case at bar to make the cited cases applicable at all.

The third contention made by the appellant is that the amended bill of complaint prayed for a personal judgment against it and should therefore have been subject to the demurrer. It is true there is a prayer in the amended bill of complaint that in the event the court should find that it had not the authority under the law to order the surrender and sale of the automobile in the possession of the United States Government, under the rental contract, that the court decree that the appellant, The

J. G. White Engineering Corporation, had converted the same and that a decree be rendered for the value of said automobile, less whatever amount had been collected by the receiver under the order of the court as rental for said car.

If this were the only prayer for relief against the appellant, based upon the entire amended bill of complaint, we think the contention of the appellant would be correct, and that the demurrer should have been sustained. The mortgagee having only a lien upon the mortgaged property, he cannot in a chancery proceeding for foreclosure of the mortgage recover damages for the conversion of the property against the purchaser thereof.

If by reason of the transfer of the property or in any other manner the mortgagor or any other person should destroy the property upon which the mortgage lien is held, or should the property be placed by such parties so that the lien cannot be enforced, then such mortgagee's remedy would be at law, in an *action on case*, for such damages as he may sustain by reason of such interference with the property covered by his mortgage. 11 C. J. 9, Par. 19; also page 603; Allison v. McCune, 15 Ohio, 726, 45 Am. Dec. 605.

An examination, however, of the amended bill of complaint shows that there are other prayers for relief based upon proper allegations, than that raised by the demurrer. We have held in the case of South Florida Citrus Land Co. v. Walden, 59 Fla. 606, 51 South. Rep. 554, that an improper prayer of a bill of complaint, as to damages, will not destroy equities admitted by the demurrer. The amended bill of complaint therefore would withstand this demurrer under the third contention made by appellant.

In the fourth place the appellant contends that the demurrer to the amended bill of complaint should have been sustained because the bill of complaint did not set forth such facts as would justify a court in appointing a receiver for said automobile, or the proceeds of rental or sale thereof.

The amended bill of complaint alleged that the automobile in question was being used by those to whom the appellant transferred its possession, and that such use was causing it to deteriorate in value, and that if it was not taken in charge immediately that the security of the complainant would be so depreciated as to become wholly inadequate. Further it was alleged that the estate of G. W. Mims, against which only a deficiency decree could be rendered, was insolvent. These allegations were admitted by the demurrer. We think these allegations sufficient to have warranted the extension of the receivership, especially as to the rents paid on said automobile. See Pasco v. Gamble, 15 Fla. 562.

As we have stated before, the demurrer to this amended bill is a general demurrer. If the bill, as a whole, contains grounds for equitable relief the demurrer was properly overruled. There was sufficient equity in the bill to withstand a general demurrer, and the court below did not err in its order overruling it. Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272; Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579; Spencer v. Spencer, 61 Fla. 777, 55 South. Rep. 71.

The appellant also assigns as error the order of the court below in extending the receivership so as to order the receiver to collect and hold the rents paid by the United States Government for the Cole 8 touring car,

model 860, No. 42708, and its third assignment of error is based upon this order.

On September 10th, 1918, the court below granted an order extending the receivership, in which it expressly held that it should not be extended to authorize the receiver to take possession of the said Cole 8 touring car, model 860, Factory No. 42708, the same appearing to the court to be in the possession of the United States of America. The order, however, does extend said receivership so as to cover "the payments, whether as rental or otherwise, which the United States of America contracted to pay to the defendant, The J. G. White Engineering Corporation, for said Cole 8 touring car, model 860, No. 42708, and which said contract is described in the affidavit of H. R. Eyrich, filed by the defendant, The J. G. White Engineering Corporation, in this cause on February 20th, 1918," and the receiver was ordered to take possession of such payments, whether for rental or otherwise, as were then or should thereafter become due to the said The J. G. White Engineering Corporation by the United States of America on account of such contract. The defendant, The J. G. White Engineering Corporation, its successors and assigns were ordered to pay such moneys so collected by them to said receiver, and were prohibited from interfering with the payments so due, except to collect same pursuant to said contract, and to deliver the sums so collected to the receiver.

This order extending said receivership also provides that inasmuch as the application for the order to extend receivership was made on March 1st, 1918, and being heard on that date, the order extending the receivership then existing in the cause be made effective and operative as of March 1st, 1918, and the appellant herein, its succes-

sors and assigns, were thereby ordered and directed to deliver to the receiver upon demand of such receiver any and all sums of money that had been collected by it, from the United States, on said contract, since March 1st, 1918.

It is contended by the appellant that this order is erroneous, first, because the complainant was estopped from attempting to enforce its lien under said mortgage against appellant because of matters set forth in the answer filed by it. This contention seems to have been founded upon the theory that the answer was sworn to, and therefore was evidence before the chancellor at the hearing upon this application. The record before us, however, fails to disclose that the answer was a sworn answer, therefore it was not evidence before the chancellor. There is nothing else in the record to show evidence that would estop the enforcement of the lien by the complainant against the appellant.

In the second place it is contended by the appellant that the mortgage is void as to the appellant upon the theory that it was a mortgage upon a stock of merchandise with authority to the mortgagor to sell same. We find nothing upon the face of the sworn bill, nor from the affidavit of H. R. Eyrich, which was all the evidence before the chancellor, at this hearing, to sustain this contention.

In the third place it is contended that the order extending the receivership is erroneous, because the facts set forth in the amended bill of complaint did not justify the order.

The amended bill of complaint, as we have already said, alleges insolvency of the estate of the mortgagor, the only source from which any deficiency decree might

be realized upon. It further alleged that the use of the automobile by the United States Government, the lessee of the appellant, and its agents was causing the car to greatly depreciate in value, and that such use would cause the security of the complainant to become entirely insufficient, and to make it wholly inadequate. Under circumstances such as these this court in the case of Pasco v. Gamble, *supra,* held that a receiver would be appointed to take charge of rents accruing to an execution purchaser of mortgaged real estate pending a suit to foreclose a mortgage. We think the circumstances set forth in the amended bill were sufficient to have warranted the order.

The amended bill of complaint having alleged the insolvency of the estate of the mortgagor, and that the mortgaged property in question was being used in a way that caused a deterioration in value, and that such use was causing such depreciation of the security as to render it wholly inadequate, and that the same was earning a stipulated rental, and there being no denial of these facts, an order appointing a receiver for the payment of rentals or otherwise will not be disturbed.

The contention of the appellant that the order extending the receivership should not have required the respondent to pay the amounts collected by it from the United States from March 1st, 1918, to the date of the order, is, in our opinion, unwarranted. The record and the order itself shows that the application for the extension of the receivership already existing in the cause was made and heard by the court on March 1st, 1918. The order was not made until September 10, 1918; during this time the appellant was doubtless collecting the rents under the contract. Under these circumstances we think it was proper that the decree act retrospectively.

Where delay in rendering a decree after hearing or submission arises from the act of the court, that is, where the delay has been caused either for its convenience or by the multiplicity or press of business, or the intricacy of the questions involved, or for any other reason not attributable to the laches of the parties, the decree may be rendered and entered retrospectively as of a time when it should or might have been entered. 21 C. J., p. 646, Par. 828.

The appellant assigns as a third error the order of the court below in overruling and denying the petition for a rehearing filed on September 17th, 1918. We have examined this petition, and we do not see that there were matters set up therein but those that were already considered by the chancellor, or that might have been brought before him before the order extending the receivership was made. We find no error in this order.

The respective orders appealed from are therefore affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the orders herein appealed from be, and the same are hereby, affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.

ELLIS, J., dissents.