### McLEOD et al. v. HAYWARD.

(Circuit Court of Appeals, Fifth Circuit. February 28, 1927.)

No. 4961.

1. Appeal and error ⬤➝71(4)—Order refusing to discharge receiver appointed by state court before removal held appealable (Judicial Code, § 129 [Comp. St. § 1121]).

An order of a federal court, refusing to vacate an order appointing a receiver made by a state court before removal of the cause, is in effect an interlocutory order appointing a receiver, and appealable under Judicial Code, § 129 (Comp. St. § 1121).

2. Mortgages ⬤➝468(1)—Mortgagee may be entitled to receiver before foreclosure on equitable considerations.

Rev. Gen. St. 1920 Fla. § 3837, providing that a mortgage shall be a specific lien and not a conveyance of the legal title or of the right of possession as construed by the Supreme Court of the state, does not protect the mortgagor from being deprived of possession prior to foreclosure on equitable considerations in favor of the mortgagee.

3. Removal of causes ⬤➝114—Continuing state receiver after removal of cause held proper.

Mortgaged property, consisting of buildings rented for business purposes, was seriously damaged by a storm. Held that, in a foreclosure suit after default in which a receiver was appointed by a state court, continuance of the receivership after removal of the cause and directing repairs to protect the property of tenants was appropriate.

4. Appeal and error ⬤➝955—Appointment of receiver will not be disturbed unless improvident.

Order appointing receiver is not reversible except for improvidence or abuse of discretion.

Appeal from the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Suit in equity by Wilmer Hayward against J. B. McLeod and the Truckee Land Company, Inc. On appeal by defendants from an interlocutory order. Affirmed.

J. S. McLendon, of Birmingham, Ala., for appellants.

John May, of New Orleans, La., and George P. Wentworth and Samuel Pasco, Jr., both of Pensacola, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On the application of the two appellants, both residents and citizens of states other than Florida, a suit brought by the appellee against the appellants in a Florida state court for the foreclosure of a mortgage on real estate in Pensacola, Fla., given to secure notes for part of the purchase price owing by one of the appellants for that real estate, was removed to the court below after the appointment by the court in which the suit was brought of a receiver of the mortgaged property. After the court below had, on the receiver's application, ordered him to make expenditures required to repair damages, including the loss of the roof, caused by a storm to the rented and occupied store buildings on the mort-

gaged land, the court denied a motion or petition of the appellants that the order of the state court appointing a receiver be set aside, vacated, and annulled. The appeal from the last-mentioned order was sued out within 30 days after the court made the order authorizing the receiver to have the damages caused by the storm repaired.

[1] It seems that the action of the court in treating as its own receiver the person appointed by the state court and in denying the motion to annul his appointment properly may be considered as having the effect of an interlocutory order or decree appointing a receiver, within the meaning of section 129 of the Judicial Code (Comp. St. § 1121), with the result that the appeal, which, as above stated, was taken within 30 days after the making of the order in reference to repairs, is to be regarded as one authorized by that section.

The following was shown by the averments of the bill, of the petition for the appointment of a receiver by the state court, and of the petition of the receiver for an order authorizing him to have repairs made: The bill was filed after default had been made in the payment of the notes secured by the mortgage and after the principal sum of $56,750, with interest thereon, had become due and payable. There was a prior mortgage on the property to secure a debt of $17,500 and interest. The improvements on the property consist of store buildings occupied by tenants engaged in mercantile business. To preserve the property and protect the merchandise of the tenants occupying the stores, it was necessary to place a new roof on the buildings and to repair other damages caused by the storm. The mortgage contains the following provision:

"It is further covenanted and agreed by said parties that, in the event of a suit being instituted to foreclose this mortgage, the mortgagee, his heirs, legal representatives, or assigns, shall be entitled to apply at any time pending such foreclosure suit to the court having jurisdiction thereof for the appointment of a receiver of all and singular the mortgaged property, and of all the rents, income, profits, issues, and revenues thereof, from whatsoever source derived, and thereupon it is hereby expressly covenanted and agreed that the court shall forthwith appoint a receiver of said mortgaged property, all and singular, and of such rents, income, profits, issues, and revenues thereof, from whatsoever source derived, with the usual powers and duties of receivers in like causes; and such appointment shall be made by such court as a matter of strict right to the mortgagee, his heirs, legal representatives, or assigns, and without reference to the adequacy or inadequacy of the value of the property hereby mortgaged, or to the solvency or insolvency of the mortgagor, her heirs, legal representatives, successors, or assigns, and that such rent, profits, income, issues, and revenues shall be applied by such receiver to the payment of the mortgage indebtedness, costs, and charges, according to the order of such court."

[2-4] Though a Florida statute (Code of Florida 1920, § 3837) provides that "a mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession," it is settled by Florida decisions that that statute does not protect the mortgagor or his assign from being deprived of the possession of the mortgaged property prior to foreclosure, on equitable considerations in favor of the mortgagee. Pasco v. Gamble & Poole, 15 Fla. 562; White Engineering Corp. v. People's State Bank, 81 Fla. 35, 87 So. 753. There is ground for considering such a provision in a mortgage as the one above set out as having the effect in equity of terminating, upon default and the institution of a suit to foreclose, the right of the mortgagor or his assign to possess the mortgaged property or to receive the rents or income thereof. But, without regard to that provision, the record does not show that any abuse of discretion was involved in the action of the court in continuing the receivership created by the state court, as the attending circumstances were such as to make that action appropriate as the means of saving the mortgaged property from waste. Abuse of discretion or improvidence not being shown by the record, the complained of action of the court is not subject to be reversed. City of Amarillo v. Southwestern Telegraph & Telephone Co. (C. C. A.) 253 F. 638; Central Trust Co. v. Chattanooga, R. & C. R. Co. (C. C. A.) 94 F. 275.

The decree is affirmed.