In re MAYER.

No. 5484.

District Court, M. D. Pennsylvania.

May 16, 1930.

Ellis L. Orvis, of Bellefonte, Pa., for petitioners.

John G. Love, of Bellefonte, Pa., for trustee.

JOHNSON, District Judge.

This is a certificate of review of the referee's audit of the trustee's account and his order of distribution of the funds remaining in the hands of the trustee.

The bankrupt was seized of real estate and possessed of personal property. Ulsh & Bashoar, who have excepted to the referee's audit and distribution, held a second mortgage against the bankrupt's real estate, amounting to $10,000, with interest. After the disposition of the claim of the first mortgage, there remained from the sale of the real estate the sum of $7,315.74 to be applied to the second mortgage owned by Ulsh & Bashoar. This left a balance due on this second mortgage of $3,834.26.

The balance remaining from the sale of the personal property for distribution among the common creditors was $6,451.98. The referee allowed the unpaid balance of the claim of Ulsh & Bashoar, amounting to $3,834.26, to participate, or share, with the common creditors in the sum of $6,451.98. The referee refused to allow the whole claim of Ulsh & Bashoar, amounting to $11,150, to participate or share with the common creditors in the fund derived from the sale of the personal property. To this order of the referee allowing only the balance of the claim of Ulsh & Bashoar, amounting to $3,834.26, not paid by the fund derived from the sale of the real estate, and not the whole amount of their claim, to participate, or share, in the fund derived from the sale of the per-

sonal property, Ulsh & Bashoar filed an exception.

The question for decision therefore is whether the whole amount of the plaintiff's secured claim, or only the balance not paid from the real estate which secured the claim, should share with the unsecured creditors in the distribution of the fund derived from the sale of the personal property. The referee decided that only the balance not paid from the real estate fund should participate with the common creditors in the distribution of the personal fund. In this decision the referee was correct.

Section 57h of the Bankruptcy Act (11 USCA § 93(h) provides that: "The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance."

"A creditor who holds security cannot receive dividends from the bankrupt estate, except on the unpaid balance of his claim after the value of the security has been deducted, as provided by Bankr. Act 1898, § 57h." In re Little (D. C.) 110 F. 621; see, also, In re Bash (D. C.) 245 F. 808.

The exception to the audit and order of distribution of the referee is dismissed, and the audit and order of distribution are affirmed.