In the Matter of Howard C. HAYES and Stanwood P. Whiteley, Co-partners doing business in the name and style of Hayes & Whiteley, and Hayes & Whiteley Enterprises, Bankrupts.

No. B–206.

District Court, Alaska
First Division, Nome.

April 30, 1956.

See also D.C., 127 F.Supp. 514.

M. E. Monagle (of Robertson, Monagle & Eastaugh), Juneau, Alaska, for Reconstruction Finance Corp.

T. E. Munson, U. S. Atty., and E. R. Reifsteck, Asst. U. S. Atty., Juneau, Alaska, for Referee in Bankruptcy.

John R. Peterson, Trustee, Juneau, Alaska.

HODGE, District Judge.

On October 18, 1955, Verne O. Martin, Referee in Bankruptcy, filed herein his Findings of Fact, Conclusions of Law and Decree relating to the secured claim of the Reconstruction Finance Corporation, represented by a real and chattel mortgage executed by the bankrupts, holding that such mortgage was valid as to the real property described therein, certain items of personal property located within the Juneau recording precinct on the date of execution of the mortgage, and certain motor vehicles as to which the lien of the mortgage was recorded upon certificates of title, but not valid as to items of personal property covered by the mortgage and other after-acquired property located in Ketchikan recording precinct, for the reason that no filing of a copy of the mortgage was had in such precinct as required by Section 22–6–5, A.C.L.A.1949; also that the R.F.C. was not authorized to foreclose its mortgage as petitioned for until the value of its security has first been determined, under the provisions of· Section 57, sub. h of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. h.

The R.F.C. filed its petition for review of the Referee's Findings, Conclusions and Decree, alleging error in concluding that the mortgage was not valid as to the items denied, and in holding that the value of the security must first be determined before foreclosure may be permitted, contending that Section 57, sub. h is not applicable. These questions were submitted to the Court upon oral argument.

The mortgage referred to was executed at Juneau on May 28, 1953, and was recorded as a real property mortgage and filed as a chattel mortgage on the same date with the Commissioner and ex-officio recorder for Juneau pre-

cinct. It was not filed as a chattel mortgage in the Ketchikan precinct until November 8, 1954, subsequent to the filing of the petition in bankruptcy herein. The mortgage covered all machinery, furniture, fixtures and equipment of whatever nature "now or hereafter used by the Mortgagor" in connection with its logging business, including but not limited to certain specific items described therein and all other such equipment "now or hereafter owned by Mortgagor, and used or acquired for use in connection with Mortgagor's said logging business." It further specified that certain specific items owned by the mortgagor were then located at its place of business in Juneau precinct, the remaining items to be located wherever in southeastern Alaska mortgagor carries on its logging operations,

"it being understood that at the present time Mortgagor is operating upon lands controlled by the U. S. Forest Service on Kosciusko Island under a logging contract from Tongass Timber Company."

Kosciusko Island is located in the Ketchikan recording precinct.

Howard C. Hayes and Stanwood P. Whiteley had filed their joint affidavit in support of the R.F.C. secured claim, which is not controverted, showing that their residence on the date of execution of the mortgage was at Juneau, that the property covered then owned or possessed by them was located in Juneau precinct but was later, in June, 1953, moved to Kosciusko Island, that certain described items were then in the State of Washington, not in their possession, but covered by an agreement to purchase out of the proceeds of the mortgage loan, which purchase was later consummated and the property removed to Kosciusko Island and used in connection with their logging operation; also that certain other items not specifically mentioned in the mortgage were afterward acquired by them and used in the logging operations. No filing of the mortgage was had in the State of Washington.

The pertinent parts of the Alaska statutes relating to the filing of chattel mortgages are as follows:

Section 22–6–2, A.C.L.A.1949. "A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith for value, unless—* * * and be acknowledged and filed as hereinafter provided."

Section 22–6–5, A.C.L.A.1949. "Every mortgage of personal property * * * must be filed in the office of the recorder of the precinct where the mortgagor resides, and of the precinct where the property is at the time of the execution of the mortgage * * *."

Section 22–6–1, A.C.L.A.1949, defining what property may be mortgaged, provides as follows:

"Any interest in personal property which is capable of being transferred, * * * and after-acquired personal property, may be mortgaged. That, when personal property thereafter to be acquired is included in the mortgage, the lien thereof shall attach to said property immediately upon the same coming into the possession of, or under the control of the mortgagor, subject to all valid prior liens, claims, titles and encumbrances * * *."

The Referee found that "It is clear from the statutes above quoted that any personal property (other than motor vehicles) owned by bankrupt and located within the Ketchikan precinct on the date of execution of the mortgage is not covered by the mortgage even though described in the mortgage"; that the R.F.C. mortgage is not valid as to after-acquired property, none of which was ever located in Juneau precinct; that it is essential to the validity of a mortgage on after-acquired property that the statutory filing requirement as to existing property covered by the mortgage be fully complied with; and that since the

mortgage was not recorded in the Ketchikan precinct until after the date of filing of the petition herein the mortgage was void against creditors of the bankrupt as to all items claimed by the mortgagee except items located within Juneau precinct on the date of execution of the mortgage; and the motor vehicles.

The petitioner directs attention of the Court to the well-recognized principles that in the absence of specific statutory provision a mortgage filed for record in the place where originally required is constructive notice to all the world, and is valid although not filed in the place to which the mortgaged property is subsequently removed. This rule has no application here, for the reason that the Referee expressly allowed petitioner's claim as to the property located in Juneau precinct which was subsequently removed to Ketchikan precinct.

 Considering first the items of machinery and equipment located in the State of Washington at the time of execution of the mortgage, there is ample authority to the effect that the filing of a chattel mortgage in the state where the mortgage was executed but in which the property was not situate at the time of execution of the mortgage, does not constitute constructive notice of the mortgage lien to creditors of the mortgagor in the other state; and similarly that a mortgage covering property in two counties and filed only in one is void as to the property in the other as against creditors or the trustee of the mortgagor in bankruptcy. Annotations 57 A.L.R. 708–710, 13 A.L.R.2d 1317, 1351; Great American Indemnity Co. v. Utility Contractors, 21 Tenn.App. 463, 111 S.W.2d 901; Steckel v. Swift & Co., Mo.App., 56 S.W.2d 806; Guras v. Porter, D.C., 118 F. 668. In such case the priority of the lien is to be determined by the law of the place where the property is situated at the time of the execution of the mortgage.

 However, it is fundamental that a person cannot mortgage property which he does not own, or in which he has no title or interest; and if the mortgage covers after-acquired property it confers no specific lien upon the property until the property is actually acquired. 10 Am.Jur., Chattel Mortgages, 734, Secs. 26–27, 29. At the time of the execution of the R.F.C. mortgage the mortgagor had no such title in the items in the State of Washington which could be subject to the mortgage, or any interest in such property which was then "capable of being transferred," within the meaning of Section 22–6–1, supra. For it is not indicated that the mortgagor had any special interest therein such as upon a conditional sales contract, but only an executory agreement to purchase, out of the proceeds of the mortgage loan. Hence it must be concluded that although the mortgage would not be valid against creditors, at least in the State of Washington, as to any property then covered by the mortgage, the matter of filing such mortgage to perfect the lien must be governed by the rule as to after-acquired property.

 As to after-acquired property it must be observed that the lien attaches immediately upon the same coming into the possession of or under the control of the mortgagor. Section 22–6–1, supra. The validity of a chattel mortgage on after-acquired property depends upon the state law where the transaction took place; and if the filing or recording of such mortgage conforms to the requirements of the state statute it is not void as to third persons who afterward acquired a lien upon the same chattels. Mason v. Citizens' National Trust & Savings Bank, 9 Cir., 71 F.2d 246; Annotations 57 A.L.R. 731, 13 A.L.R.2d 1315, 1320.

 There is no provision of the Alaska statutes requiring re-filing of a chattel mortgage to cover after-acquired property, nor upon removal of property covered by the mortgage. Hence although the reasoning of the Referee that the primary purpose of recording statutes is to give notice of the mortgage and thus prevent fraud from secret liens is

sound, there is nothing to require the mortgagee, having complied with statutory requirements, to give further notice as to items of personal property not covered by the mortgage at the time of the execution thereof, but subsequently acquired.

In the case of In re Alabama Braid Corp., 13 F.Supp. 336, the District Court for the Northern District of Alabama considered a situation almost parallel with the case at bar in which it is held that a chattel mortgage on after-acquired property duly filed according to the law of Alabama, where some of the property was located in such state at the time of execution of the mortgage and other items were later conveyed to the mortgagor pursuant to purchase agreement, and still other items were subsequently acquired, constitutes sufficient notice to creditors to be binding in bankruptcy proceedings. This decision, although not controlling, is certainly most persuasive.

 In view of the above I am compelled to hold that the decision of the Referee denying the lien of the R.F.C. mortgage upon the items of personal property acquired subsequent to the execution of the mortgage, is erroneous both as to the items then located in the State of Washington and other items subsequently acquired.

Section 57, sub. h of the Bankruptcy Act, Title 11 U.S.C.A. § 93, referred to in the Findings of the Referee, relating to the proof and allowance of claims, provides that

"The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors, or by such creditors and the trustee by agreement, arbitration, compromise or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance. Such determination shall be under the supervision and control of the court."

 This statute means that a secured creditor wishing to share in the bankrupt's estate for the excess of the debt over the value of the securities held by him must prove the value of such security before he may establish a claim for such deficiency. It recognizes the right of a secured creditor to prove a general unsecured claim for any excess of the debt over the value of the security. It does not require that a mortgagee must establish the value of mortgaged property before he may foreclose such mortgage. In re Skidmore, D.C., 29 F.Supp. 293; In re Rogers, D.C., 20 F.Supp. 120; Hiscock v. Varick Bank, 206 U.S. 28, 27 S.Ct. 681, 51 L.Ed. 945; In re Mayer, D.C., 41 F.2d 856; In re Dix, D.C., 176 F. 582.

 An examination of the record indicates no such desire of the R.F.C. to have the amount or value of its security fixed for the purpose of allowance of an unsecured claim for the balance of the debt; but the contrary appears. Hence such conclusion of the Referee was likewise in error.

The objections of the petitioner will be sustained, and the case remanded to the Referee with instructions to proceed in accordance with this opinion.