UNITED STATES of America, Plaintiff,

v.

SOUTHLAND PROVISION COMPANY, Gainesville Livestock Market, Inc., and C. E. Mills, Defendants.

GAINESVILLE LIVESTOCK MARKET, INC., and C. E. Mills, Third-Party Plaintiffs,

v.

James E. SIMMONS and Barbara F. Simmons, his wife, Third-Party Defendants.

No. 69–627–Civ–J.

United States District Court, M. D. Florida, Jacksonville Division.

Dec. 15, 1970.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Joseph W. Hatchett, Asst. U. S. Atty., for plaintiff.

Alan B. Fields, Jr., Dowda, Miller & Hedstrom, Palatka, Fla., for Southland Provision Co.

L. William Graham, Lazonby, Dell, Graham, Willcox & Barber, Gainesville, Fla., for Gainesville Livestock Market, Inc., and C. E. Mills.

William Farris McGee, Bunnell, Fla., for James E. Simmons and Barbara F. Simmons.

ORDER

CHARLES R. SCOTT, District Judge.

This is a suit by the United States of America to recover for alleged conversion of personal property. The government contends that the defendants did receive and sell, for the account of James E. and Barbara F. Simmons, certain chattels; namely: hogs, which were subject to a recorded mortgage held by the government. The original promissory note executed by the Simmonses, and later secured by the mortgage, remains unpaid, and for that reason this action was commenced.

The defendants have moved for a judgment on the pleadings, pursuant to Rule 12(c), Federal Rules of Civil Procedure, on the theory that the pleadings reveal that this action is barred by the applicable statute of limitations. 28 U. S.C. § 2415(b).

"§ 2415. Time for commencing actions brought by the United States

"(b) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: *Provided,* That an action to recover damages resulting from a trespass on

lands of the United States, including trust or restricted Indian lands; an action to recover damages resulting from fire to such lands; an action to recover for diversion of money paid under a grant program; and an action for conversion of property of the United States may be brought within six years after the right of action accrues".

█ It is uncontested that this action was brought more than three years after, but within six years of, the accrual of the cause of action. The essential questions may be disposed of by deciding whether this lien interest of the government is "property of the United States" and whether such interest may be the basis for a conversion action.

The defendants claim that the three-year statute of limitations, set forth in 28 U.S.C. § 2415(b), controls in this case and that the action is thereby barred. Defendants claim that a six-year statute of limitations is not applicable, reasoning that, even though this is an action for conversion, it is not an action for conversion of "property of the United States", as contemplated by the statute.

On the other hand, the government takes the position that "property of the United States", as used in the last clause of 28 U.S.C. § 2415(b), means property in a broader sense.

The case law is helpful only by analogy. The defendants cite Borock v. City of New York, 268 F.2d 412 (2d Cir. 1959), as support for their position, that such a lien as described is "property of the United States" and could be converted, but Borock simply held that certain real estate upon which the United States had a mortgage was not "property of the United States" within the meaning of a New York state statute so as to exempt the fee holder from payment of a tax burden. It does not deal with the rights bestowed upon the United States under a federal statute to protect its interest as a lienholder.

The case of United States v. Mc-Cleskey Mills, 409 F.2d 1216 (5th Cir. 1969), cited by the government, may stand for the proposition that a mortgagee's lien may be the basis of an action for conversion but is not concerned with whether such a lien is sufficient government "property" to invoke the six year statute of limitations.

The legislative history is scanty; the following excerpt from the Senate Report, 1966 U.S.Code Congressional and Administrative News, p. 2502, at p. 2504, is relevant:

"TORT ACTIONS

"Subsection (b) of section 2415 provides that tort actions, that is, actions based on damage or injury from a wrongful or negligent act, must be brought by the United States within 3 years after the right of action first accrues. This 3-year statute applies to all Government tort actions except those that are expressly referred to in this subsection and are governed by a 6-year statute. *These specific actions are those which are of a type which might not be immediately brought to the attention of the Government or would only be uncovered after some investigation.* Included in this category of actions are those based upon a trespass on lands of the United States, including trusts or restricted Indian lands, and also actions to recover damages resulting from fire to such lands. Similarly, actions to recover for diversion of money paid under a grant program and actions for conversion of property of the United States are subject to a 6-year limitation". (Emphasis added.)

It appears that the Congress of the United States intended a longer statute of limitations to apply to situations where the tort was not readily apparent or discoverable. Such would certainly be the case where the government is not entitled to the possessory interest but rather holds a security interest. Given this stated congressional intent, the

Court is inclined to give the words "property of the United States" their broader meaning.

· The general case law affords some help in deciding what is "property of the United States":

"In legal usage the word 'property' is a generic term * * * perhaps the most comprehensive word which can be employed, and it may signify either the subject matter in which rights or interests exist, or it may signify valuable rights and interests protected by law, or it may signify both. It is generally recognized that property includes certain rights such as the right of acquisition, possession, use, enjoyment, and disposition * * * and is employed at different times to express many varying ideas, and its meaning is not and cannot be fixed and unchanging. The term may have different meanings depending on the connection in which, and the purposes for which, it is used, as indicating the * * * proper construction or application of constitutional or statutory provisions". 73 C.J.S. Property § 1, p. 135.

" 'Property of' does not necessarily mean ownership * * * of any valuable right in property". C.T.H. Corporation v. Maxwell, 212 N.C. 803, 198 S.E. 36, 42.

It has been argued by the defendants that the matters regarding the nature of a mortgage and mortgage interests are determined by the law of the place where the mortgage was entered into. United States v. Rogers & Rogers (D.C. Minn.1941), 36 F.Supp. 79, appeal dismissed 121 F.2d 1019 (8 Cir. 1941); In re Hayes, 140 F.Supp. 444, 16 Alaska 246 (D.C.Alaska 1956).

■ The defendants' contention that Florida law would not allow a mortgagee to sue for conversion is challenged by the government, which points to 7 Fla. Jur., Conversion § 18, as showing that lienholders, as well as owners, are protected by this right of action. The United States cites White Engineering Corp. v. People's State Bank, 81 Fla. 35, 87 So. 753 (1921), a case annotated under § 697.02 F.S.A., *supra,* for the proposition that a lienholder has standing to sue for conversion. Though that case was, in fact, decided in 1921, it does seem to be somewhat pertinent:

"If by reason of the transfer of the property or in any other manner the mortgagor or any other person should destroy the property upon which the mortgage lien is held, or should the property be placed by such parties so that the lien cannot be enforced, then such mortgagee's remedy would be at law, in an action on case, for such damages as he may sustain by reason of such interference with the property covered by his mortgage". 81 Fla. 35, 45, 87 So. 753, 756.

Certainly under modern pleading a cause of action for conversion would be available to the lienholder. This case and those cited under 7 Fla.Jur., Conversion § 18, would seem closer to the general law in the area to the effect that a lienholder does have a right of action in converstion. *See* 9A Words and Phrases, "Conversion", pp. 184 et seq.; Border Nat. Bank v. Campbell & Rosson Live Stock Commission Co., Tex.Civ. App., 248 S.W. 780, 783. There seems to be some authority to the contrary, though the precise holding of the case is not in point. Cf. Dekle v. Calhoun (1910) 60 Fla. 53, 53 So. 14.

The law of the United States Court of Appeals for the Fifth Circuit seems to be in accord with the general law: That the mortgagee has a right to sue for conversion. United States v. McCleskey Mills, 409 F.2d 1216 (5th Cir. 1969). There being no conflict on the law as to this point, no choice of law is necessary. *See McCleskey.*

The Court then sees no reason to limit the expansive definition of the term "property of the United States" or to deprive the government of a basis of action for conversion of its "property" in the form of a lien. It would seem that

the longer statute of limitations of 28 U.S.C. § 2415(b) is more applicable.

Therefore, it is

Ordered:

1. The motion for judgment on the pleadings is denied.

2. The motion for trial by jury is granted.